UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**TALIB ALSAIFULLAH,**

                             **Plaintiff,**

      **-v-**                                              **1:06-CV-1481**
                                                              **(NAM)(DRH)**

**JUDGE WILLIAM CARTER,**

                             **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
TALIB ALSAIFULLAH
Plaintiff, *pro se*

HON. ANDREW M. CUOMO
Attorney General for the State of New York
SENTA B. SUIDA, ESQ., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Defendant moves (Dkt. No. 21) to dismiss this *pro se* action on the ground that it fails to state a cause of action. Fed. R. Civ. P. 12(b)(6). As set forth below, the Court grants the motion and dismisses the action with prejudice.

### AMENDED COMPLAINT

In his amended complaint (Dkt. No. 13), plaintiff claims as follows:

> On or about August 17, 2004 the plaintiff appeared in Albany City Court for arraignment for 3rd degree assault. Five to six days later, during August, 2004, the plaintiff appeared in front of Judge William Carter. During plaintiff's appearance he was accompanied by his attorney who made it known to the court and D.A. that the D.A. failed to convert the complaint within the 5 day requirement and thus, the plaintiff

should be released. Subsequently, Judge Carter sided with the D.A. and plaintiff was remanded [a]lthough the law stipulated that if the D.A. failed to convert the complaint, that the plaintiff would be released on his own recognizance.

The plaintiff avers that he was denied an inherent liberty and that Judge Carter was privy to this during the time he denied plaintiff this liberty.

On or about November 22, 2004, the plaintiff appeared in front of Judge Carter due to a letter plaintiff wrote citing the denial of due process by the court and the D.A. Judge Carter summoned plaintiff to court wherein plaintiff appeared *pro se*. A copy of this letter was also sent to the D.A. and mayor. On this day while arguing his position in front of Judge Carter, Judge Carter attempted to circumvent his and the D.A.'s wrongdoing by attempting to re-arraign the plaintiff. When plaintiff refuted the actions of the judge, he became enraged, jumped up, threw of[f] his robe and entered into open court intending to assault the plaintiff, by running towards plaintiff screaming: "you want a piece of me!" The plaintiff was handcuffed and sha[ckl]ed during this time. If it wasn't for the actions of the two officers, one who blocked the judge and the other that got me out of harm's way, plaintiff contends that he would have been assaulted.

Plaintiff alleges that the actions of the Judge shocked the plaintiff's conscience due to the fact that the actions of the judge were not provoked in any way by the plaintiff. Plaintiff is alleging that Judge Carter acted outside of the scope of his official duties and obligations and displayed deliberate indifference towards the plaintiff.

It was only after a lone witness reported the incident and a news paper article was written did anyone take action. The Mayor, District Attorney, Public Defender, nor police reported the acts of Judge Carter. Several months later, the Judge was censured by the Commission on Judicial Conduct. Two Judges on the panel voted to have Judge Carter removed.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION: Judge Carter violated plaintiff's 14th amendment right of Equal Protection by treating plaintiff differently by attempting to assault plaintiff during the course of a court proceeding.

SECOND CAUSE OF ACTION: Judge Carter violated plaintiff's Substantive Due Process (14th Amendment) by conducting himself in an outrageous and shocking manner, contrary to traditional notions of fair play and decency.

THIRD CAUSE OF ACTION: Judge Carter displayed deliberate indifference towards plaintiff by attempting to assault the plaintiff without provocation. This act shocked the conscience of the plaintiff; thus the judge violated the 8th amendment rights of plaintiff's right to be protected against cruel and unusual punishment.

**DISCUSSION**

**Standard on Rule 12(b)(6) Motion**

Defendant moves to dismiss on the ground that the amended complaint fails to state a cause of action. See Fed. R. Civ. P. 12(b)(6). To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**Judicial Immunity**

Plaintiff's amended complaint does not set forth a cause of action stemming from the allegations that defendant improperly remanded plaintiff and attempted to re-arraign him prior to the alleged attempted assault. Even if the Court were to interpret plaintiff's *pro se* papers to assert claims based on the alleged remand and attempted re-arraignment, such claims would be barred by the doctrine of judicial immunity. Judges enjoy absolute immunity from liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Absolute immunity applies "even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the

public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (citation and internal quotation marks omitted); *accord Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Decisions to remand or arraign a pretrial detainee are acts within a judge's judicial jurisdiction, and any claim based thereon is dismissed.

Defendant does not enjoy absolute immunity from liability for the alleged attempted assault, of course, because such conduct is obviously not within a judge's judicial jurisdiction. *See generally Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir. 1974). Plaintiff's claims based on the alleged attempted assault fail, however, on other grounds, as explained below.

**First Cause of Action**

Plaintiff's first cause of action sounds in denial of equal protection. The Equal Protection Clause of the Fourteenth Amendment declares that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

Plaintiff claims defendant denied him equal protection "by treating plaintiff differently by attempting to assault plaintiff during the course of a court proceeding." Plaintiff does not allege that he belongs to a suspect class, but rather asserts a "class of one" equal protection claim. To state such a claim, plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment[,]" *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), and further that the difference in treatment resulted from a non-discretionary state action. *Engquist v. Oregon Dep't of Agriculture*, __U.S.__, 128 S.Ct. 2146, 2154 (2008).

In *Engquist*, the Supreme Court characterized the class-of-one standard articulated in

*Olech* as follows:

> When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being "treated alike, under like circumstances and conditions." Thus, when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a "rational basis for the difference in treatment." *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.
>
> What seems to have been significant in *Olech* and the cases on which it relied was the existence of a clear standard against which departures, even for a single plaintiff, could be readily assessed.... [T]he complaint alleged that the [zoning] board consistently required only a 15-foot easement, but subjected Olech to a 33-foot easement. This differential treatment raised a concern of arbitrary classification, and we therefore required that the State provide a rational basis for it.

*Engquist*, 128 S.Ct. at 2153-54. In holding that the class-of-one theory of equal protection does not apply in the public employment context, the *Engquist* court distinguished and clarified *Olech* as follows:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Id.* at 2154.

In the case at bar, the alleged attempted assault does not fit within the *Olech/Engquist* rationale. The alleged attempted assault on plaintiff cannot reasonably be viewed as governmental action, discretionary or otherwise. Nor can it reasonably be said that in attempting to assault plaintiff, defendant applied the law to plaintiff differently than he applied it to others.

-5-

Rather, defendant's action was wholly outside his judicial authority, having no connection with the application of any legislation or regulation, and with no possible rational basis. The Equal Protection Clause is not implicated by defendant's conduct, and the first cause of action is dismissed.

**Second Cause of Action**

Plaintiff's second cause of action alleges that defendant denied him his Fourteenth Amendment right to substantive due process "by conducting himself in an outrageous and shocking manner, contrary to traditional notions of fair play and decency." Such a claim must be based on conduct that "shocks the conscience," that is, conduct that is "outrageous and egregious under the circumstances" and is "brutal and offensive to human dignity[.]" *Smith v. Half Hollow Hills Cent. School Dist*., 298 F.3d 168, 173 (2d Cir. 2002) (internal quotation marks and citation omitted). Accepted as true for purposes of this motion, plaintiff's allegations concerning the attempted assault describe conduct that is wrong and inexcusable. Yet, in view of all the circumstances alleged by plaintiff, including the brevity of the incident and the fact that defendant made no physical contact with plaintiff, the conduct does not rise to the level required to state a claim for denial of substantive due process. The second cause of action lacks merit.

**Third Cause of Action**

In the third cause of action, plaintiff alleges that in attempting to assault him, defendant "displayed deliberate indifference" towards plaintiff, thus shocking plaintiff's conscience and violating his Eighth Amendment right of protection against cruel and unusual punishment. It appears that plaintiff was a pretrial detainee when the alleged attempted assault occurred; thus, any challenge to the conditions of his detention is properly reviewed under the Due Process

Clause of the Fourteenth Amendment. *See Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2003) (explaining that because a pretrial detainee has not been convicted of a crime, he may not be punished, and the Eighth Amendment prohibition against cruel and unusual punishment is inapplicable).

Plaintiff's submissions do not state any cognizable claim stemming from the conditions of his detention. In considering whether the cause of action may be viewed as a claim for excessive force, the Court notes that "the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A pretrial detainee states a claim for excessive force "even if [he] does not suffer serious, or significant injury, provided that the amount of force used is more than *de minimis*, or involves force that is repugnant to the conscience of mankind." *Walsh*, 194 F.3d at 48 (applying test in *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) to pretrial detainees under the Fourteenth Amendment) (internal quotations and citations omitted). Accepted as true, plaintiff's allegations cannot meet this standard. Inasmuch as plaintiff does not allege that defendant made any physical contact with him, there was no force used, *de minimis* or otherwise. *See, e.g., Barclay v. Poland*, 2006 WL 145552, * (W.D.N.Y. Jan. 19, 2006) (holding that allegations that defendant threatened plaintiff and attempted to assault him fail to state a claim for excessive force). Further, defendant's alleged conduct cannot reasonably be said to be "repugnant to the conscience of mankind."

Plaintiff's allegations cannot be read as claiming that defendant deprived him of his right to care and protection while in custody; defendant, who was not his custodian, was not

-7-

responsible to protect plaintiff from risk of harm.  *See generally Bass v. Jackson*, 790 F.2d 260, 262-63 (2d Cir. 1986); *Patrick v. Amicucci*, 2007 WL 840124, *3 (S.D.N.Y.  Mar. 19, 2007).  If read as a claim for deprivation of plaintiff's liberty right "to be secure in his person," *see generally Heath v. Henning*, 854 F.2d 6, 8 (2d Cir. 1988), the third cause of action fails for the same reason as does the second cause of action.  Nor is there any other ground upon which plaintiff's allegations can be construed to make out a due process deprivation, or, for that matter, any federal statutory or constitutional claim.  Accordingly, the third cause of action is dismissed.

## CONCLUSION

Accepting as true all factual allegations in plaintiff's *pro se* submissions, drawing all reasonable inferences in his favor, and interpreting his allegations to raise the strongest arguments that they suggest, the Court finds that plaintiff has failed to state any federal statutory or constitutional claim.

It is therefore

ORDERED that defendant's motion (Dkt. No. 21) is granted; and it is further

ORDERED that the action is dismissed with prejudice.

IT IS SO ORDERED.

February 23, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge