UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**TALIB ALSAIFULLAH,**

                                        **Plaintiff,**

            **-v-**                                        **1:06-CV-1481**
                                                           **(NAM)(DRH)**

**JUDGE WILLIAM CARTER,**

                              **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

TALIB ALSAIFULLAH
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211
Plaintiff, *pro se*

HON. ANDREW M. CUOMO
Attorney General for the State of New York
SENTA B. SUIDA, ESQ., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

        Presently before the Court is plaintiff's letter motion (Dkt. No. 28), dated May 11, 2009,

requesting an extension of time to file a notice of appeal from a Judgment (Dkt. No. 25) entered

February 23, 2009, dismissing the case in its entirety.  The Clerk mailed the Judgment and

Memorandum-Decision and Order (Dkt. No. 24) on February 23, 2009, to plaintiff at the most

recent address in the record, which plaintiff had provided on April 2, 2007 (Dkt. No. 15).  On

April 22, 2009, plaintiff sent the Clerk a notice of change of address and requested copies of all

court documents relative to the case (Dkt. No. 26).  On April 24, 2009, the Clerk responded to

plaintiff's request, enclosing a docket sheet and a page count for each entry and advising that he

could purchase copies for $0.50 per page (Dkt. No. 27).  By letter motion dated May 11, 2009 (filed by the Clerk on May 18, 2009) plaintiff made this request for an extension of time to file a notice of appeal (Dkt. No. 28).

Plaintiff had until 30 days after February 23, 2009, or until March 25, 2009, to file his notice of appeal.  Fed. R. App. P. 4(a)(1)(A).[1]  He had 30 more days, or until April 24, 2009, to move to extend the time to file the notice of appeal.  Fed. R. App. P. 4(a)(5)(A)(i).[2]  Even where, as here, these time periods have elapsed, the Court may reopen the time to appeal as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

---

[1] Fed. R. App. P. 4(a), "Appeal in a Civil Case," provides in pertinent part:
    (1) Time for Filing a Notice of Appeal.
        (A) In a civil case, ... the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

[2] Fed. R. App. P. 4(a), "Appeal in a Civil Case," provides in pertinent part:
    (5) Motion for Extension of Time.
        (A) The district court may extend the time to file a notice of appeal if:
            (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
            (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff's May 11, 2009 letter requests the "right to appeal" because he "did not receive notice" under Fed. R. Civ. P. 77(d)(1), which requires that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry ... on each party who is not in default for failing to appear."  Plaintiff does not inform the Court how, when, or where he received notice of the judgment.  In view of plaintiff's *pro se* status, the Court deems his May 11, 2009 letter to be a motion to reopen the time to file a notice of appeal under Fed. R. App. P. 4(a)(6).  The Court will accept any further papers from plaintiff in support of the motion submitted within 20 days from the date of this Memorandum-Decision and Order.  If plaintiff submits further papers in support of the motion, he should include a proposed notice of appeal and two copies.[3]  The Court will then accept any papers from defendant in opposition to the motion submitted within 15 days thereafter.  The Court will not accept reply papers.

It is therefore

ORDERED that plaintiff's letter to the Court dated May 11, 2009 (Dkt. No. 28) is deemed to be a motion to reopen the time to file a notice of appeal under Fed. R. App. P. 4(a)(6); and it is further

ORDERED that the Court will accept from plaintiff any further papers (which should include a proposed notice of appeal and two copies) in support of the motion, submitted within 20 days from the date of this Memorandum-Decision and Order; the Court will then accept any papers from defendant in opposition to the motion, submitted within 15 days thereafter; and there

---

[3]
As set forth in Fed. R. App. P. 3(c), "Contents of the Notice of Appeal,":
    (1) The notice of appeal must:
        (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice...;
        (B) designate the judgment, order, or part thereof being appealed; and
        (C) name the court to which the appeal is taken.

-3-

will be no reply papers.

        IT IS SO ORDERED.

    June 2, 2009
    Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge