UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**TALIB ALSAIFULLAH,**

                                 **Plaintiff,**

                    -v-                                           **1:06-CV-1481**
                                                                 **NAM/DRH**

**JUDGE WILLIAM CARTER,**

                                 **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

TALIB ALSAIFULLAH
Plaintiff, *pro se*

HON. ANDREW M. CUOMO
Attorney General for the State of New York
SENTA B. SUIDA, ESQ., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff *pro se* moves (Dkt. No. 35) for reconsideration of this Court's Memorandum-Decision and Order (Dkt. No. 34) denying as untimely his motion (Dkt. No. 28) to reopen the time to file a Notice of Appeal and denying as moot his motion (Dkt. No. 32) for leave to appeal *in forma pauperis*. A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). Reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff's submissions do not warrant reconsideration of the September 2, 2009 Memorandum-Decision and Order.  He makes no showing of an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice.  The papers he submits on this motion could not reasonably be expected to alter the conclusion reached by the Court, because they do not support a finding that plaintiff timely moved to reopen the time to appeal.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 35) for reconsideration is denied.

IT IS SO ORDERED.

November 4, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge